UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWASHIA FARMER,<br><br>                    Plaintiff,<br><br>-against-<br><br>SHAKE SHACK ENTERPRISES, LLC, SHAKE SHACK 152 E 86 LLC, and DAMON CORDOVA, *individually*,<br><br>                    Defendants. | Case No. **1:19-CV-09425-PAE-SN**<br><br>ECF Case |

**STIPULATED PROTECTIVE ORDER**
**REGARDING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

WHEREAS, during the course of the above-captioned action (the "Action"), parties or non-parties may be required to or may informally produce information that the party or non-party from whom information is sought considers to be valuable, sensitive, a trade secret, or otherwise confidential. Accordingly, Plaintiff Dawashia Farmer (hereinafter "Plaintiff"), and Defendants Shake Shack Enterprises, LLC, Shake Shack 152 E 86 LLC, and Damon Cordova (hereinafter "Defendants"), through their undersigned counsel, hereby stipulate as follows:

1. <u>Applicability.</u> This Stipulated Protective Order shall apply to all information and materials disclosed during the course of the Action, by any party or non-party, including but not limited to information disclosed:

    (a) During any informal discovery or production of documents that may occur through cooperation/agreement of the parties;

    (b) During formal discovery;

    (c) In any pleading, document, affidavit, interrogatory answer, response to requests for admission, briefs, motions, and mediation statement;

    (d) During deposition or other examinations before trial; and,

  (e) Trial.

2. <u>Definitions</u>.  The terms defined in this Section 2 shall, throughout this Stipulated Protective Order, have the meanings provided.  Defined terms may be used in the singular or the plural.

  (a) "Producing Party" means the party, or person other than a party, being asked to produce or asserting a confidential interest in information designated by that party or person as confidential.

  (b) "Receiving Party" means the party receiving or requesting production of information that is confidential.

  (c) Information that is "Confidential" means information, whether or not embodied in any physical medium, used by the Producing Party, in or pertaining to, its trade or business that the Producing Party believes in good faith is not generally known to the Receiving Party and/or others in the Producing Party's trade or business that the Producing Party would normally not reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, including but not limited to all Litigation Materials reflecting, referring to, or evidencing proprietary trade secrets, business plans and forecasts, financial plans and forecasts, operational plans and forecasts, and all sensitive commercial, financial, medical, or personal information that has been designated as confidential pursuant to this Stipulated Protective Order.

  (d) "Litigation Material" means all pleadings, motions, affidavits, and related papers, and all documents produced or exchanged with any Court or in any settlement negotiations, and all transcripts or testimony given in depositions,

2

in hearings before any Court, or at trial.  Litigation Material also includes, but is not limited to, the information described in Section 1 of this Stipulated Protective Order.

    (e)    "Termination" means the dismissal of this Action with prejudice or entry of final award or judgment after appeal or expiration without appeal of all periods to appeal.

3.    <u>Method of Designation.</u>  Any party or non-party may designate as "Confidential" all or any portion of any Litigation Material as follows:

    (a)    Subject to Section 7 below, any document or other tangible Litigation Material produced by a party or non-party and marked as "Confidential" is hereby designated as "Confidential."

    (b)    Subject to Section 7 below, any document or other tangible Litigation Material produced by a party or non-party and not marked "Confidential," but later determined by the Producing Party to be "Confidential" and the Producing Party informs the Receiving Party in writing, including but not limited to by letter or by electronic mail, of such "Confidential" designation, is hereby designated as "Confidential."

    (c)    Subject to Section 7 below, by oral or verbal designation during the course of an examination before trial or deposition, while on the record.

4.    <u>Treatment of "Confidential" Information.</u>

    (a)    Confidential information shall not be disclosed, revealed, or made available, in whole or in part, to any person except:

        (i)    the Court, Court personnel, as well as any court reporters, retained in this matter;

(ii) any court-appointed Mediator and/or Mediator retained in this matter;

(iii) the Receiving Party's counsel of record, co-counsel of record, and the legal associates, paralegal and clerical or other support staff who are employed by such counsel and are involved in assisting in the Action;

(iv) parties, and those directors, officers, employees, and agents ("Representatives") of the parties who have a need to know in connection with the Action;

(v) experts or consultants retained by the parties or their counsel to assist the parties or their counsel in connection with the Action and who have executed Exhibit A, which is attached to this Order;

(vi) external copy or computer service workers copying or indexing documents who have executed Exhibit A, which is attached to this Order provided that, subject to Section 12 below, all documents are returned to counsel for the party furnishing them after completion of those services;

(vii) insurers under directors' and officers' liability policies or other insurance policies that provide or may be deemed to provide coverage for the claims asserted in this action and/or litigation expenses or fees incurred in this action, and counsel to such insurers; and

(viii) any other person who has executed Exhibit A, which is attached to this Order, upon the written agreement of the party or non-party who produced or disclosed the "Confidential" information (which written agreement may be recorded on a deposition or other transcript).

(b) Any non-parties under Sections 4(a)(v), (vi), and (viii) who review "Confidential" information pursuant to the terms of this Order shall provide executed copies of Exhibit A to counsel for the Producing Party as soon as practical after being provided access to the "Confidential" information, and in any event, no later than fourteen calendar days after being provided access to the "Confidential" information.

4

5. <u>Maintenance of "Confidential" Information.</u> All Litigation Material designated as "Confidential" or "Highly Confidential" shall be kept in secure facilities, and access to those facilities shall be permitted only to those persons set forth in Section 4(a) of this Stipulated Protective Order as persons properly having access thereto.

6. <u>Unauthorized Disclosure.</u>  In the event that Litigation Material designated "Confidential" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Stipulated Protective Order, or if a person so authorized breaches any of his or her obligations under this Stipulated Protective Order, counsel of record for the party involved shall, promptly upon becoming aware of such unauthorized disclosure or breach, give notice of such unauthorized disclosure or breach to counsel of record for the Producing Party, including a full description of all pertinent facts, to the counsel of record for the party who initially produced the Litigation Material.  Without prejudice to other rights and remedies of the Producing Party, counsel for the party making the unauthorized disclosure shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. <u>Limitations on Application of Order.</u>

    (a) The term "Confidential Information" shall not include, and this Stipulated Protective Order shall not be construed to prevent any person from making use of or disclosing any information that:

        (i) was lawfully in his/her possession (other than as an employee of Producing Party) prior to its disclosure hereunder in connection with the Action;

        (ii) appears in any published material available to the Producing Party's trade or business, other than by a breach of this Stipulated Protective Order;

    (iii) was obtained from a source or sources (other than the Producing Party) that the party asserting this exception, after having exercised reasonable efforts to determine the facts, does not know that the same was obtained or disclosed unlawfully in violation of an obligation of confidentiality owed to the Producing Party;

    (iv) was, is, or becomes publicly available other than as a result of violation of this Stipulated Protective Order or any violation of law by the party asserting this exception; or

    (v) is independently developed without regard to information disclosed hereunder in connection with the Action.

  (b) This Stipulated Protective Order shall not bind or otherwise restrict the use or disclosure of any information by Representatives of a Receiving Party ("Uninvolved Representatives") who are not involved in the Action, except to the extent such Uninvolved Representatives receive Confidential Material from Representatives of such Party who are so involved. It is understood that, as a matter of policy, each Party maintains information barriers and other procedures designed to restrict the dissemination of confidential information except on a need to know basis.

  8. <u>Disclosure to Recipient or Author.</u>  Nothing herein shall prevent any party from presenting "Confidential" information to the original signatory, author, recipient, or addressee of the "Confidential" information.

  9. <u>Objections to Confidential Treatment.</u>  A party may object to the designation of any Litigation Material as "Confidential" at any time. If any party objects to the designation of any Litigation Material as "Confidential," the party shall state the objection with particularity by letter to counsel for the party making the designation. If the parties are unable to resolve the objection without judicial intervention after making a reasonable effort to do so, any party may, within a reasonable time, request that the Court remove the particular Litigation Material from confidential

6

treatment. Until a ruling on any such motion, the Litigation Material shall continue to be deemed "Confidential" under the terms of this Stipulated Protective Order.

10. <u>Non-Waiver of Objections to Admissibility.</u> This Stipulated Protective Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Stipulated Protective Order shall be without prejudice to the rights of any person to oppose production of any information on any proper ground other than its status as a trade secret or confidential business information.

11. <u>Subpoena by Third Parties</u>

    (a) Nothing herein shall prevent any Receiving Party from producing "Confidential" information in response to a lawful subpoena or other compulsory processes from a non-party to this Stipulated Protective Order seeking production or other disclosure of Confidential information, provided that any Receiving Party receiving any such subpoena or compulsory process shall, as soon as reasonably practical, give notice by telephone and facsimile to counsel for the Producing Party, identifying the material sought and enclosing a copy of the subpoena or other compulsory process, so as to afford the Producing Party a reasonable opportunity to seek a protective order.

    (b) Subject to Section 7 above, "Confidential" information produced pursuant to subpoena or other compulsory process shall continue to be treated as "Confidential" pursuant to this Stipulated Protective Order.

    (c) Notwithstanding the foregoing, each Receiving Party may disclose "Confidential" Information in the course of inspections, examinations, or inquiries by federal or state regulatory agencies, self-regulatory organizations, and rating agencies that have requested or required the

inspection of records that contain "Confidential" Information, provided that the Receiving Party advises the entity to which such disclosure is made of the confidential nature of the information requested and exercises reasonable efforts to obtain reliable assurances that confidential treatment will be accorded such information.

12. <u>Conclusion of Litigation.</u>

    (a)    Within thirty (30) days of Termination of this Action or the conclusion of this Action by settlement, judgment, or otherwise, including exhaustion of all appeals, the original and all copies of each document and thing produced to a Receiving Party, or given to any other person pursuant to this Stipulated Protective Order, designated as containing "Confidential" information shall, at the election of the Producing Party, be returned to counsel for the Producing Party or destroyed.  This Section 12(a) includes all copies of "Confidential" information and documents containing "Confidential" information made by the recipient and other persons to whom the recipient disclosed "Confidential" information.

    (b)    Counsel may retain their work product, such as pleadings, notes, correspondence, and memoranda, that contains or refers to "Confidential" information, provided that all such "Confidential" information shall remain subject to this Stipulated Protective Order and shall not be disclosed to any person except as permitted by this Stipulation and Order.

    (c)    Notwithstanding the foregoing, the Receiving Party may retain such copies of the "Confidential" information (including "Confidential" information stored on electronic, magnetic, or similar media) in accordance with policies

and procedures implemented in order to comply with legal and regulatory requirements and other legal and compliance purposes.

13. <u>Reservation of Rights.</u>

    (a) Nothing in this Stipulated Protective Order shall prevent any party from disclosing its own "Confidential" information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Stipulated Protective Order.

    (b) Nothing in this Stipulated Protective Order shall constitute: (i) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by the Court; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery request in this or any other action; or (iii) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

    (c) Evidence of the existence or non-existence of a designation under this Stipulated Protective Order shall not be admissible for any purpose.

14. <u>Inadvertent Production of Privileged Material.</u>  It is the intent of the parties to assert and preserve all information within the attorney-client privilege or entitled to work product protection.  If privileged or protected material is inadvertently disclosed, such disclosure shall not be deemed a waiver of the privilege or protection and shall in no way prejudice the assertion of the privilege or protection.  If a recipient is notified in writing by a designating party that Litigation Material was inadvertently produced containing privileged or protected information, the recipient shall, at the earliest possible moment but in no event later than forty-eight (48) hours of the written notice, return that Litigation Material to the designating party, together with all copies or

9

reproductions thereof. The recipient shall also either return to the designating party or destroy any privileged or protected work product material derived from the inadvertently produced material. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection, but such challenge shall not divulge the contents of the material.

15. <u>Amendment or Modification of Order.</u> The provisions of this Stipulated Protective Order may be modified at any time by a signed written stipulation of the parties. This Stipulated Protective Order shall expire and be of no further force and effect one year following the earlier of Termination of this Action or the conclusion of this Action by settlement, judgment or otherwise.

Active\115053709.v1-10/9/20
Active\115053709.v2-10/9/20

16. <u>Execution in Counterparts.</u>  This Stipulated Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

| | |
|---|---|
| PHILLIPS & ASSOCIATES,<br>ATTORNEYS AT LAW, PLLC<br>*Attorneys for Plaintiff*<br>45 Broadway, Suite 430<br>New York, New York 10006<br>(212) 248-7431<br><br>By: */s/ Yusha D. Hiraman*<br>     Yusha D. Hiraman, Esq.<br>     Gregory Calliste, Esq.<br><br>Dated: New York, New York<br>           October 9, 2020 | FOX ROTHSCHILD LLP<br><br>*Attorneys for Defendants*<br>101 Park Avenue, 17th Floor<br>New York, NY  10017<br>(212) 878-7900<br><br>By: */s/ Alexander W. Bogdan*<br>     Carolyn D. Richmond, Esq.<br>     Alexander W. Bogdan, Esq.<br><br>Dated: New York, New York<br>           October 9, 2020 |

**SO ORDERED:**

*[signature: Paul A. Engelmayer]*

**Honorable Paul A. Engelmayer**
**United States District Judge**

DATED:  **New York, New York**
              October 13           , **2020**

Active\115053709.v1-10/9/20
Active\115053709.v2-10/9/20

## EXHIBIT A

I, _____ [print or type name], being of full age, hereby certify and acknowledge that I have received and read a copy of the Protective Order entered in the action pending in the United States District Court Southern District of New York captioned *Farmer v. Shake Shack Enterprises, LLC, et al.,* Civil Action No.: 1:19-CV-09425-PAE-SN, and I understand the limitations it imposes on the use and disclosure of information designated as "Confidential." I further understand that the unauthorized use or disclosure of any Confidential Material may constitute contempt of Court and I hereby consent to the personal jurisdiction of the U.S. District Court Southern District of New York in connection with the use or disclosure of Confidential Material. I agree to be bound by all of the terms of such Protective Order.

To further effectuate my compliance with this Order, I further submit myself to the personal and subject matter jurisdiction of the United States District Court Southern District of New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

_____
Signature

_____
Address

Active\115053709.v1-10/9/20
Active\115053709.v2-10/9/20